# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-574
Lower Tribunal No. 18-15057
_____

## M.D.-P., the mother,
Appellant,

vs.

## Department of Children and Families, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Denise Martinez-Scanziani, Judge.

Stok Kon + Braverman, and Yosef Kudan and Robert A. Stok (Fort Lauderdale), for appellant.

Karla Perkins, for appellee Department of Children & Families; and Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Laura J. Lee, Assistant Director of Appeals (Tallahassee), for appellee Guardian ad Litem.

Before SCALES, HENDON, and GORDO, JJ.

HENDON, J.

M.D.-P., the Mother ("Mother"), appeals from a final judgment of termination of parental rights. We reverse and remand for further proceedings.[1]

The Mother failed to appear at the scheduled Zoom adjudicatory hearing for the petition for termination of parental rights. The Mother's defense counsel informed the trial court that they had been in communication with the Mother several times during the week and weekend to prepare for the hearing, and they last heard from her at 7:31 a.m. that morning. The trial court then stated that it was surprised that the Mother did not appear because she had been at every hearing. As requested by the Department of Children and Families, the trial court entered a default against the Mother. See § 39.801(3)(d), Fla. Stat. (2022) ("If a parent appears for the advisory hearing and the court orders that parent to appear at the adjudicatory hearing for the petition for termination of parental rights, stating the date, time, and location of the hearing and, if applicable, instructions for appearance through audio-video communication technology, then failure of that parent to appear, either physically or, by agreement of the parties or at the discretion of the court, through audio-

_____

[1] We take no position as to the merits of the termination of the Mother's parental rights.

2

video communication technology, at the adjudicatory hearing constitutes consent for termination of parental rights."). The trial court, however, informed the parties that, if counsel hears from the Mother, the court will address a motion to set aside the default as it had dedicated its entire trial week to the Mother's trial.

A few hours later, the Mother contacted her trial counsel, explaining her failure to attend the Zoom hearing. The following day, the Mother filed a motion to set aside default, which she later amended, explaining her failure to attend.

Following a hearing, the trial court denied the Mother's motion to set aside default. Thereafter, the trial court entered a final judgment of termination of parental rights and disposition, stating, in part, that the Mother's failure to personally appear at the hearing constitutes consent for the termination of parental rights by the person given notice under section 39.801(3)(d), Florida Statutes. The Mother's appeal followed.

We have reviewed the Mother's amended motion to set aside default, along with her affidavit in support, and conclude that the trial court abused its discretion by denying the amended motion as she established due diligence, excusable neglect, and the existence of meritorious defenses. See Fla. Dep't of Child. & Fam. Servs. v. P.E., 14 So. 3d 228, 236 (Fla.

3

2009) ("As with other defaults, a constructive consent to termination entered pursuant to section 39.801(3)(d) may be set aside under the usual three part test. Under that test, the party seeking to vacate the default [must] act with due diligence, demonstrate excusable neglect, and demonstrate the existence of a meritorious defense to the termination petition.") (internal quotation marks and citations omitted) (brackets added in P.E.). Accordingly, we reverse the trial court's order terminating the Mother's parental rights and remand for further proceedings.[2]

Based on the resolution of this issue, we do not address the remaining arguments raised by the Mother on appeal.

Reversed and remanded.

---

[2] We do not opine as to the merits of the petition to terminate rights or the Mother's defenses.